NO









NO. 12-10-00115-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

ALEXIUS HORTON,

APPELLANT                                                     '     APPEAL
FROM THE 114TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 

 





MEMORANDUM
OPINION

PER CURIAM

            This
appeal from the revocation of Appellant’s community supervision is being
dismissed for want of jurisdiction.     

            Texas
Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed
or suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  Where a
timely motion for new trial has been filed, notice of appeal shall be filed
within ninety days after the sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  Appellant
did not file a motion for new trial. Sentence was imposed on February 11,
2010.  Therefore, Appellant’s notice of appeal was due to have been filed on or
before March 15, 2010.  However, Appellant did not file his notice of appeal
until April 14, 2010 and did not file a motion for extension of time to file
his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3.  See
Tex. R. App. P. 26.3
(appellate court may extend time for filing notice of appeal if, within fifteen
days after deadline for filing notice of appeal, appellant files notice of
appeal in trial court and motion complying with Texas Rule of Appellate
Procedure 10.5(b) in appellate court).

            On
April 21, 2010, this court notified Appellant that his notice of appeal was
untimely and that there was no timely motion for an extension of time to file
the notice of appeal as permitted by rule 26.3.  Appellant was further informed
that the appeal would be dismissed unless, on or before May 3, 2010, the
information filed in this appeal was amended to show the jurisdiction of this
court.  Appellant’s counsel responded that after reviewing the controlling law,
it appears that this court does not have jurisdiction of this appeal. 
Accordingly, the appeal is dismissed for want of jurisdiction. 


Opinion delivered May 12, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                            (DO
NOT PUBLISH)